OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Cleveland Bar Association v. Trombetta.
[Cite as Cleveland Bar Assn. v. Trombetta (1994),      Ohio St.3d     .]
Attorneys at law -- Misconduct -- Public reprimand -- Neglecting an entrusted legal matter -- Violating a Disciplinary Rule -- Not appearing at a disability hearing before the Industrial Commission in Columbus, Ohio, on behalf of his client on June 11, 1991 or contacting the commission to inform it that he was not going to appear at the hearing or that he had withdrawn as counsel for the claimant.
(No. 94-2256 --  Submitted December 7, 1994 -- Decided December 30, 1994.)
On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-33.

By a complaint filed on April 18, 1994, relator, the Cleveland Bar Association, charged that respondent, Ignatius B. Trombetta of Solon, Ohio, Attorney Registration No. 0005269, refused to attend a disability hearing before the Industrial Commission in Columbus, Ohio, on behalf of his client, on June 11, 1991, and that he had thereby violated DR 1-102(A)(1)(violating a Disciplinary Rule), 1-102(A)(4)(engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), 1-102(A)(5)(engaging in conduct prejudicial to the administration of justice), 1-102(A)(6)(engaging in conduct that adversely reflects on his fitness to practice law), 6-101(A)(3)(neglecting a legal matter entrusted to him), 7-101(A)(1)(failing to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules), 7-101(A)(2)(failing to carry out a contract of employment entered into with a client), 7-101(A)(3)(prejudicing or damaging a client during the course of the professional relationship). Respondent was served with the complaint, and filed an answer essentially admitting the facts of the

complaint, but stating that he discharged all duties incumbent upon him regarding the matter for which he was retained.

The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on August 2, 1994. Respondent was retained by Bernard L. Shuman to represent him in a workers' compensation matter. The matter was set for hearing before the Industrial Commission in Columbus, Ohio, on June 11, 1991. Before the hearing, Shuman telephoned respondent from Shuman's residence in Florida to discuss matters related to the hearing. During the conversation, respondent told Shuman that the evidence which Shuman intended to present at the hearing was insufficient to allow the commission to find in his favor. Respondent advised Shuman to withdraw his claim for permanent total disability benefits and refile it when he had sufficient evidence to support the claim. Shuman did not want to withdraw the claim or continue the hearing date. Shuman told respondent that he wanted to proceed and that he wanted respondent to attend the hearing. In response to Shuman's statements, it appears respondent told Shuman, "Bernie, you are not going to get me," and emphasized that he would not attend the hearing. Respondent also informed Shuman that he should obtain alternative counsel if he intended to go forward with the hearing.

The matter went to hearing on June 11, 1991. Shuman drove up from Florida to attend the hearing, but respondent did not appear or contact the commission to inform them that he was not going to appear at the hearing or that he had withdrawn as counsel for Shuman.

Based on its findings from the hearing, the panel found a violation of DR 6-101(A)(3) and 1-102(A)(1). It then recommended the sanction recommended by the relator: a public reprimand. The board adopted the panel's findings and its recommendation, and also recommended that the costs of these proceedings be taxed to the respondent.

Marvin L. Karp and William Fulton, for relator.
Ignatius B. Trombetta, pro se.

Per Curiam. Having thoroughly reviewed the record, we agree with the board's finding of misconduct and its recommendation. Accordingly, respondent is hereby publicly reprimanded. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.
Pfeifer, J., dissents.
Pfeifer, J., dissenting. I would dismiss the case.